CLARENCE BUTTENWIESER et al., as Executors and Trustees under the Will of JOSEPH L. BUTTENWIESER, Deceased, Plaintiffs, *v.* CITY OF NEW YORK (BOARD OF TRANSPORTATION) et al., Defendants.

Supreme Court, Trial Term, New York County, July 6, 1943.

*Michael H. Cardozo, Jr.,* and *Henry S. Hendricks* for plaintiffs.

*Robert H. Schaffer, Acting Corporation Counsel (Charles Blandy* and *Guernsey Price* of counsel), for City of New York, defendant.

*T. P. Morrissey* for Spencer, White & Prentis, Inc., defendant.

Schreiber, J. Plaintiffs are the owners of premises 560–566 Sixth Avenue, Manhattan, New York City, having a frontage of seventy-nine feet on the east side of Sixth Avenue. The property consists of two old five-story structures. In the course of construction of the Sixth Avenue subway, excavations were made by defendants in the bed of the street within about nine or ten inches of the easterly line of plaintiffs' property. Lateral support thus lost was restored by underpinning and other damage has been repaired with the permission and consent of plaintiffs and without expense to them. Plaintiffs do not now claim that such work has not been satisfactorily done. No claim is made for damages for trespass or negligence, nor is it alleged that any part of plaintiffs' property has been appropriated by defendants. The gravamen of this action is that the lateral support supplied by the underpinning, while satisfactory for the present buildings, is insufficient to sustain possible future structures, more adequate for the proper improvement of the land site. Plaintiffs claim that an adequate improvement would be a sixteen-story apartment house and seek damages solely on the basis of the additional cost, by reason of the circumstances, of the foundation for such a building as yet entirely hypothetical. It is said that the value of the land has presently been diminished thereby in such

amount. In the opinion of the court such damages are purely speculative and conjectural, and may not be allowed as a matter of law, in the circumstances disclosed. (See *Namm & Son* v. *City of New York,* 168 Misc. 710, in which opinion the authorities on the subject have been collated and exhaustively considered; *Evelyn Building Corp.* v. *City of New York,* 257 N. Y. 501, relied on by plaintiffs herein, is distinguished in that opinion, in which this court concurs.)

On the facts, as well, plaintiffs fail to make out a case. It is clear that the present buildings are inadequate improvements for the land. But on this record, the court finds that a reasonably adequate new structure on this land under all the circumstances would be a six-story building, and that the present underpinning done by defendants is ample for such a structure. In addition, the court finds that, for the purposes of a sixteen-story building, even if the subway had not been built, it would have been necessary, as it is now, to build a foundation of piles driven to bed rock. It follows that plaintiffs have failed to prove any damage arising from the acts of the defendants. In view of the foregoing, other questions raised which have been considered need not be decided.

The motion to increase the amount of plaintiffs' demand from $8,500 to some $19,000 is academic and is denied. The motions to dismiss the complaint and to direct a verdict for defendants are granted.

Judgment is accordingly directed for defendants dismissing the complaint. Findings may be settled on notice unless waived.